JACK R. REMINGTON, PLAINTIFF-APPELLANT, v. LAUTER PIANO COMPANY, AND IN THE ALTERNATIVE, JOSEPH A. FUERSTMAN, DEFENDANTS-RESPONDENTS.

Submitted January 31, 1930—Decided April 7, 1930.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff-appellant, *Fast & Fast.*

For the defendants-respondents, *Joseph A. Fuerstman.*

PER CURIAM.

The plaintiff, Remington, was employed in writing by Matilda Robson to sell her property on North Twelfth street, Newark, New Jersey. He arranged for the sale of the prem-

ises to Goldberg & Galler. A written contract was executed which was binding upon the parties. Remington's commissions were fixed in writing, and he was entitled to the payment thereof from Mrs. Robson. Before the sale was consummated, Mrs. Robson and her husband conveyed the property in question to the Lauter Piano Company, as trustees. The Lauter Piano Company was glad to carry out the sale to Goldberg & Galler. The money to be paid was for their benefit.

At the time fixed for settlement, Goldberg & Galler refused to go on with the purchase of the premises unless Remington's commissions were paid. Joseph A. Fuerstman, an attorney-at-law representing the Lauter Piano Company, agreed to pay the commissions if Goldberg & Galler would immediately go on with the sale and if it transpired that Mrs. Robson had signed the authorization for the commissions. There seems to be no dispute that Mrs. Robson did sign the authorization, nor is it contended here that Fuerstman lacked authority to bind the Lauter Piano Company.

The District Court found that Fuerstman's undertaking was an undertaking to answer for the debt of another, and since it was not in writing there could be no recovery.

We think it quite clear that Fuerstman's promise was an independent undertaking. He did not promise to pay Mrs. Robson's debt. He promised to pay Remington money if Goldberg & Galler would immediately go on with the purchase of the premises. Of course, Goldberg & Galler were under a contract to purchase the property. But the immediate settlement of their obligation by the payment of cash and the taking of title furnished a consideration to support the promise to pay Remington a sum of money. This was not a payment of commissions for the sale of real estate, but a payment promised for present settlement of a dispute.

So we find that the promise was not only an original undertaking, but that it was supported by a good and valid consideration. See *Military College* v. *Brooks,* 7 N. J. Adv. R. 1207.

The judgment below will be reversed.