JACK H. REMINGTON, PLAINTIFF-RESPONDENT, v. LAU TER COMPANY, DEFENDANT-APPELLANT.

Submitted October 12, 1934—Decided March 5, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Israel B. Greene.*

For the respondent, *Fast & Fast.*

PER CURIAM.

This is an appeal from a judgment of the District Court of the Second Judicial District of Essex county.

The facts are that one Robson was an employe of the defendant-appellant, Lauter Company, and in 1927, being indebted to the defendant, he and his wife, Matilda Robson, agreed to turn over to defendant all their property. Among these properties was one in the city of Newark, 22 North Twelfth . street, title to which stood in the name of Mrs. Robson.

Mrs. Robson had on October 24th, 1927, authorized the plaintiff, Remington, to procure a purchaser for this property. Plaintiff had procured Goldberg & Galler as buyers and an agreement of sale was executed. Mrs. Robson agreed in writing to pay plaintiff a commission. Before the transfer of title under the agreement took place, a deed to defendant's nominee was executed under the circumstances above mentioned.

The present suit is by the plaintiff to collect from the Lauter Company the commission which Mrs. Robson agreed to pay him for procuring the purchaser.

There was testimony that at the time Mrs. Robson signed the deed to defendant's nominee she mentioned the commission, and Fuerstman, attorney for Lauter Company, told her it would be taken care of. There was also testimony that at the settlement which took place when Lauter Company passed the title to Goldberg & Galler, the subject was again brought up and Fuerstman again agreed that the commission should be paid out of the proceeds of the sale, when Goldberg & Galler refused to go through with the purchase unless plaintiff's commissions were paid. The proceeds of this sale, some $3,000, were taken by Lauter Company and applied against Robson's debt to it.

There was a trial of this case before the District Court in April, 1929, and judgment for defendant was given on the ground that the alleged promise of Fuerstman was the promise to pay the debt of another and void because not in writing. The Supreme Court reversed (8 *N. J. Mis. R.* 257; 149 *Atl. Rep.* 764), holding that it was an independent promise in consideration of Goldberg & Galler immediately going through with the purchase after they had threatened

to withdraw because Remington was not to be paid. The Supreme Court pointed out that the authority of Fuerstman to bind the Lauter Company was not questioned in that proceeding.

There was then a *remittitur* and a reference to a referee who found for the plaintiff and judgment was entered on his report. This judgment was opened and a new trial was had before the District Court resulting in the judgment under review.

The sole question brought up by this appeal, not heretofore determined by this court, is the authority of Fuerstman to bind the defendant in the manner alleged.

There seems to be no evidence of express agency, but there was testimony from which there might be found an implied agency or a holding out of Fuerstman as having authority to do all things necessary to consummate this transaction. He and he alone, the record indicates, acted for Lauter Company in attempting to get restitution from the Robsons. He certainly had complete charge of the transactions leading to the acquisition of this particular property. Mrs. Robson dealt solely with him. He arranged to have title taken in an employe in his office. When the settlement took place, he alone appeared for the Lauter Company and handled the transaction for it. He produced a deed to the purchasers, he took the money and turned it over to defendant. The defendant kept the money and has apparently accepted and ratified everything he did, except his authority to make this agreement which, the proofs show, was necessary in order to get the money for Lauter Company out of the pending sale.

In this state of the proofs, there was sufficient evidence to support the finding of the court below that Fuerstman had authority to bind the defendant.

The other points do not have sufficient merit to warrant detailed discussion.

The judgment is affirmed, with costs.